IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucia Monzon-Ramirez,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-19-05396-PHX-DLR (MTM)<br><br>**ORDER** |

    Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 11) regarding Petitioner's Petition for Writ of *Coram Nobis* pursuant to the All Writs Act, 27 U.S.C. § 1651 ("the Petition"). (Doc. 1.)  The R&R recommends that the Petition be denied and dismissed with prejudice.  The magistrate judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court.  Petitioner filed an objection to the R&R on September 1. 2020, (Doc. 12), and Respondent filed its response on September 15, 2020, (Doc. 22).

    In 2015, Petitioner pled guilty and was convicted of unlawful possession of ammunition.  The R&R succinctly describes the issue raised in the Petition as whether "*Rehaif v. United States*, 139 S. Ct. 2191 (2019) renders Petitioner's 2015 conviction for unlawful possession of ammunition void, because her plea colloquy omitted whether Petitioner knew she was not in a category of individuals permitted to possess ammunition

under 18 U.S.C. § 922(y)(2)." (Doc. 11 at 1.) The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The R&R found that, even though the colloquy did not discuss whether she knew she was not in a category of individuals permitted to possess ammunition, the outcome of the proceedings would not have been substantially affected, had it done so, because it would not have caused Petitioner to plead guilty when she otherwise would not have done so. Although Petitioner's objection does not challenge that specific finding, it challenges the R&R's determination that 18 U.S.C. § 922(g) does not require proof that a defendant, knowing the category of person to which she belongs under the statute, also knows that category is prohibited from possessing ammunition. The R&R states, "*Rehaif* does not require that government prove . . . that the individual knew that the specific category of persons they knew they belonged to was prohibited from possessing ammunition." (Doc. 11 at 8.)

The question of what elements are necessary for a conviction under 18 U.S.C. § 922(g) after *Rehaif* was addressed in *United States v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019). The Ninth Circuit in Beneamor listed the elements, which included proof that the defendant knows she falls into a category of persons prohibited from possessing ammunition. However, it did not include the additional requirement Petitioner argues was lacking in her colloquy. The R&R correctly found, consistent with *Benamor*, that *Rhaif* did not add an element to 18 U.S.C. § 922(g) requiring proof that the defendant, in addition to knowing of her status, must also know that her status is one of the prohibited categories.

**IT IS ORDERED** that the R&R (Doc.11) is **ACCEPTED**.

**IT IS ORDERED** that Petitioner's Petition for Writ of *Coram Nobis* pursuant to the All Writs Act, 27 U.S.C. § 1651 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS ORDERED** that a Certificate of Appealability is **GRANTED** because jurists of reason would find the ruling debatable. See *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).

The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of *Coram Nobis* pursuant to the All Writs Act, 27 U.S.C. § 1651 (Doc. 1) with prejudice and shall terminate this action.

Dated this 2nd day of November, 2020.

_____
Douglas L. Rayes
United States District Judge